IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS B. MILLER                                                                                              PLAINTIFF

VS.                                            CIVIL NO. 05-6027

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                       DEFENDANT

## MEMORANDUM OPINION

Thomas Miller (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

## Background:

The applications for DIB and SSI now before this court were protectively filed on November 13, 1998,[1] alleging an onset date of November 13, 1998, due to borderline intellectual functioning, diverticulosis, and back and leg pain. (Tr. 394, 558-559). An administrative hearing was held on January 10, 2000. (Tr. 23-94). On June 27, 2000, the Administrative Law Judge ("ALJ"), issued an opinion finding plaintiff's impairments to be non-severe. (Tr. 9-15). Although the Appeals

---

[1]Plaintiff previously filed for DIB on August 15, 1995. (Tr. 101-103). The application was denied at the initial level, and there is no evidence that plaintiff requested reconsideration. (Tr. 56-60). On February 13, 1996, plaintiff filed a second DIB application, which was denied at both the initial and reconsideration levels. (Tr. 61-64, 67-69). Then, on June 19, 1996, plaintiff filed an application for SSI. (Tr. 194). Following an administrative hearing, plaintiff's SSI and DIB claims were denied, as was his request for review by the Appeals Council. (Tr. 191-201, 219-220, 223-224, 383-384, 394). No further action was taken on these applications.

Council denied review, the case was remanded by this court on March 31, 2003, for consideration of a later psychological evaluation. (Tr. 5-6, 394). When remanding the case back to the ALJ, the Appeals Council stated that plaintiff's January 23, 2002 application for SSI should be heard with the case on remand. (Tr. 394, 549-550). A supplemental administrative hearing was then held on August 21, 2003. (Tr. 555-561). At this hearing, plaintiff requested a closed period of disability, starting on his alleged onset date of November 12, 1998, and ending September 1, 2000, the date he returned to work. (Tr. 395, 558-559).

At the time of the supplemental hearing on August 21, 2003, plaintiff was fifty-seven years old and possessed a ninth grade education. (Tr. 254, 395, 490). The record reveals that he had past relevant work ("PRW"), as a dishwasher. (Tr. 249, 279-282, 395, 423).

On February 26, 2004, the ALJ found that plaintiff's borderline intellectual functioning was severe, but that it did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 398). Further, he determined that plaintiff's physical impairments were non-severe. After discrediting plaintiff's subjective allegations, the ALJ concluded that plaintiff maintained the residual functional capacity ("RFC"), to perform sustained semi-skilled and semi-independent work at a relatively low-demand level, with extensive vocational and personal guidance. With the assistance of a vocational expert ("VE"), the ALJ determined that plaintiff could return to his PRW as a dishwasher. (Tr. 398).

On March 28, 2005, the Appeals Council declined to review this decision. (Tr. 4-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent

of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

3

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## **Discussion:**

Of particular concern to the undersigned is the ALJ's determination that plaintiff's physical impairments are non-severe. An ALJ may consider an impairment to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). "Only those claimants with slight abnormalities that do not

4

significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Id*. at 158.

At step 2 of the sequential evaluation process, the ALJ concluded that plaintiff had no impairment which significantly limited his ability to perform work-related activities,[2] and, therefore, concluded that he had no severe impairment, and was not disabled.

The United States Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical improvements are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).

However, a majority of the Court adopted a standard allowing a denial of benefits at step 2 for "[o]nly those claimants with slight abnormalities that do not significantly limit 'any work activity." *Id*. at 158.

Thus, the sequential evaluation process can be terminated at step 2 only in cases where there is "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989). While the plaintiff did have the burden of showing a severe impairment that significantly limited his physical or mental ability to perform basic work activities, the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir.

---

[2]The ability to do most work activities encompasses "the abilities and aptitudes necessary to do most jobs." *Williams v. Sullivan*, 960 F.2d 86, 88 (8th Cir. 1992). Examples include physical functions such as walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and, dealing with changes in a routine work situation. *Id*. At 88-89; 20 C.F.R. § 1521(b).

5

2001).

Further, the Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. **If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued**. . . . [S]equential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

Social Security Ruling 85-28, quoted in *Yuckert*, 482 U.S. at 158 (emphasis supplied). Applying this cautious standard to the evidence in the administrative record, we conclude that substantial evidence does not support the ALJ's decision to stop the sequential analysis of plaintiff's claim with a step two finding that he has no severe impairment. *See Gilbert v. Apfel*, 175 F.3d 602, 604-05 (8th Cir. 1999).

Records indicate that plaintiff originally injured his back in 1987. (Tr. 345). His condition was later exacerbated by a motor vehicle accident in January 1993. (Tr. 320). On December 28, 1998, an MRI of plaintiff's lumbar spine revealed a small to moderate central type herniated nucleus pulposus at the L4-5 level, as well as dehydration and mild central canal narrowing. (Tr. 360).

On September 9, 1999, during a general medical assessment with a consultative examiner, plaintiff was noted to have chronic lower back pain that limited his ability to stoop, bend, kneel, and lift. (Tr. 375). Then, on November 22, 1999, he was prescribed Motrin for his chronic lower back pain and stiff hand joints. (Tr. 370).

Clearly, the record indicates the plaintiff suffers from a herniated disc in his back, a condition that is certainly capable of limiting a persons' ability to stoop, bend, kneel, and lift. (Tr. 360, 370,

6

375). Therefore, given the MRI findings, and the fact that the record documents that plaintiff has physical limitations resulting from the herniated disc in his lumbar spine, we do not find that substantial evidence supports the ALJ's determination that plaintiff's physical impairments were non-severe. Accordingly, we believe that remand is necessary to allow the ALJ to reconsider the evidence concerning plaintiff's physical impairments.

The undersigned would also like to point out that the ALJ's RFC assessment does not specify the level of work that plaintiff is capable of performing. When evaluating whether a claimant can return to his past work, the ALJ must specifically set forth the claimant's physical and mental limitations, and determine how those limitations affect the claimant's residual functional capacity. *Ingram v. Chater*, 170 F.3d 598, 604 (8th Cir. 1997). In addition, the ALJ is required to make explicit findings regarding the actual physical and mental demands of the claimant's past work. *Id*.

In the present case, the ALJ failed to make these findings. Instead, he merely determined that plaintiff maintained the RFC to perform sustained semi-skilled and semi-independent work at a relatively low-demand level, with extensive vocational and personal guidance. (Tr. 398). Further, he stated that there was no reason to find plaintiff unable to sit, stand, walk, lift, carry, and work with the above-described limitations for the bulk of an eight-hour workday. (Tr. 397). He did not, however, make any findings regarding plaintiff's physical abilities (i.e., lifting limitations, carrying limitations, etc.). The ALJ also failed to make findings regarding the physical demands of plaintiff's PRW as a dishwasher. *See id*. As such, on remand, the ALJ is also directed to make these findings, and include them in his opinion.

7

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of May 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)